RECEIVED
IN LAKE CHARLES, LA
MAR 14 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| CORVEL HEALTHCARE CORPORATION | : | DOCKET NO. 05-1330 |
| VS. | : | JUDGE TRIMBLE |
| LAKE CHARLES MEMORIAL HOSPITAL | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Before the Court is "Defendant's Motion for Dismissal Pursuant to Federal Rule 12(b)" (doc. #3) filed by Southwest Louisiana Hospital Association d/b/a Lake Charles Memorial Hospital ("LCMH"), wherein the mover seeks to have this Court dismiss all claims asserted against it by plaintiff, Corvel Corporation ("Corvel"). For the following reasons, the motion will be denied.

## FACTUAL STATEMENT

In its Complaint, Corvel makes the following allegations. LCMH filed disputed claims for compensation with the Louisiana Department of Labor, Office of Worker' Compensation ("OWC") alleging underpayments of medical bills below the Louisiana Fee Schedule in numerous Louisiana workers' claims involving numerous patients. The alleged underpayments were made pursuant to a discount taken under a Preferred Provider Organization contract between LCMH and Corvel (the "Agreement").

The Agreement contains the following arbitration clause:

9.2 In the event a dispute or problem cannot be resolved to either party's satisfaction, any and all matters in controversy shall be settled by arbitration. One arbitrator shall be named by each party and the third shall be named by the two arbitrators so chosen. In the event a third arbitrator cannot be agreed

upon within ten (10) days following the appointment of the other two, the third arbitrator shall be named by the American Arbitration Association. The parties shall name their choice of arbitrators within ten (10) days after the initiating party has given written notice of the dispute and request for arbitration to the other party. All procedures conducted before the arbitration panel shall be governed by and in accordance with the rules and regulations of the American Arbitration Association. The award or decision by all or a majority of the panel of arbitrators shall be final and binding, and judgment may be entered into any court having jurisdiction thereof. The party prevailing in the arbitration shall be entitled to the cost of arbitration.

Corvel further alleges that despite the fact that the arbitration clause requires arbitration as the sole and exclusive method for resolving disputes related to the Agreement, LCMH filed multiple claims in the OWC – in violation of the arbitration clause. Accordingly, Corvel seeks to enforce the terms of the arbitration clause and requests that this Court issue an order compelling arbitration, staying the various claims listed in its complaint, and directing LCMH to withdraw the claims and take no further action outside of arbitration with regard to disputes arising under the Agreement.

LCMH filed the instant Rule 12(b)(6) motion asserting that the action must be dismissed because a party cannot be compelled to arbitrate a workers' compensation claim.

## RULE 12(B)(6) STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted. In considering a Rule 12(b)(6) motion, the Court must accept the factual allegations of the complaint as true and resolve any ambiguities or doubts regarding the sufficiency of the claim in plaintiff's favor.[1] "In order to avoid dismissal for failure

---

[1] *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir. 1996); *Fernandez-Montes v. Allied Pilots Ass'n.* 987 F.2d 278, 284 (5th Cir. 1993); *Brumberger v. Sallie Mae Servicing Corp.,* 2003 WL 1733548, *1 (E.D. La. March 28, 2003).

to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations. . . ."[2] "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[3] "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial."[4]

## LAW AND ANALYSIS

LCMH, relying on *Russell v. TMT Transportation Corp.*,[5] asserts that workers' compensation claims are not subject to arbitration. In *Russell*, the Second Circuit considered an appeal from the OWC wherein the defendants' exception of prematurity was denied. The defendants had filed an exception contending the injured worker's claim for wage benefits was premature because the injured worker had contracted to be an independent contractor and had agreed to arbitrate any disputes arising from said contract. The Second Circuit considered the facts as they applied under the Louisiana Arbitration Law. The Second Circuit held that the issue in the case was whether Russell was an employee of TMT or an independent contract. The court stated that "there is no express authority in the contract referring a worker's compensation claim by [Claimant] to arbitration. Even assuming that such provision would not offend public policy, we would require an express statement in the contract waiving Russell's rights to adjudication before the OWC."[6]

---

[2] *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

[3] *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).

[4] *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).

[5] 852 So.2d 1196 (La.App. 2 Cir. 2003).

[6] *Id.* at 1199.

3

Thus, the contract between Russell and TMT did not require arbitration.

In the instant case, LCMH entered into the Agreement with Corvel whereby the hospital agreed to provide services at a reduced rate. The *Russell* contract required arbitration of an issue over a labor/employment contract which would ultimately affect the injured employee's right to benefits under the Workers' Compensation Act. However, the instant case involves a controversy arising from a contract and does not involve the right of an injured employee's right to receive benefits under the Act. Accordingly, *Russell* is not applicable.

## CONCLUSION

For the foregoing reasons, LCMH's motion for dismissal will be denied.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 14th day of March, 2006.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE