

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| CORVEL CORPORATION | CIVIL ACTION NO. 05-1330 |
|---|---|
| VERSUS | JUDGE TRIMBLE |
| SOUTHWEST LOUISIANA HOSPITAL ASSOCIATION D/B/A LAKE CHARLES MEMORIAL HOSPITAL | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

Before the Court is a Motion to Clarify Order to Compel Arbitration and/or Define Scope of Arbitration [Doc. # 37] filed by plaintiff, CorVel Corporation ("CorVel") in which CorVel asks urges this Court to rule that statutory claims under LA. R.S. 40:2203.1 sought to be asserted defendant Southwest Louisiana Hospital Association d/b/a Lake Charles Memorial Hospital ("LCMH") lie outside the scope of the arbitration agreement between the parties and, accordingly, that the parties are not compelled to arbitrate those particular claims. For the reasons expressed herein, we find that the statutory claims in question do fall within the scope of the valid arbitration agreement existing between the parties and, accordingly, must be arbitrated as indicated in this Court's Order [Doc. # 36] dated November 6, 2006. Plaintiff's motion will, therefore, be DENIED.

I.  **Background**

   A.  **Relevant Facts**

Plaintiff CorVel negotiated a Preferred Provider Organization contract ("agreement")

with LCMH which created a mutually beneficial relationship between the parties. Specifically, the agreement makes LCMH a part of CorVel's preferred network and defines the reimbursement rates due LCMH when treating CorVel beneficiaries. The agreement also provides for arbitration of certain disputes as follows:

> Section 9.1   Hospital and CorVel initially agree to meet and confer in good faith to resolve any disputes or problems that may arise under this Agreement upon written request by either party.
>
> Section 9.2   In the event a dispute or problem cannot be resolved to either party's satisfaction, any and all matters in controversy shall be settled by arbitration. One arbitrator shall be named by each party and the third shall be named by the two arbitrators so chosen. In the event a third arbitrator cannot be agreed upon within ten (10) days following the appointment of the other two, the third arbitrator shall be named by the American Arbitration Association. The parties shall name their choice of arbitrators within ten (10) days after the initiating party has given written notice of the dispute and request for arbitration to the other party. All procedures conducted before the arbitration panel shall be governed by and in accordance with the rules and regulations of the American Arbitration Association. The award or decision by all or a majority of the panel of arbitrators shall be final and binding, and judgment may be entered into any court having jurisdiction thereof. The party prevailing in the arbitration shall be entitled to the cost of arbitration.

In 2005, LCMH instituted numerous Disputed Claims for Compensation against CorVel in the Louisiana Office of Workers' Compensation. These claims alleged that LCMH was underpaid for medical services rendered to CorVel beneficiaries in contravention of LCMH's rights under Louisiana law. CorVel filed the instant suit seeking declaratory relief in the form of a judgment that the payment portion of the agreement is valid and enforceable and does not violate LA. R.S. 40:2201 et seq. or the Louisiana Workers'

Compensation Act and, further, compelling LCMH to arbitrate its claims according to the arbitration clause found in the agreement. [Doc. # 24] *at ¶ 28.* CorVel filed a separate Motion to Compel [Doc. # 30] and, in our previously discussed Order of November 6, 2006, this Court granted such motion and ordered the parties to arbitrate "any applicable disputes now existing between them."

CorVel filed the instant motion seeking clarification of our Order for purposes of ascertaining whether or not LCMH may arbitrate claims against CorVel or whether, as CorVel argues, such claims fall outside the scope of the arbitration clause negotiated between the parties as part of the agreement.

## II.  Analysis of Law and Argument

The Federal Arbitration Act ("FAA"), Title 9 of the United States Code, expresses the "strong federal policy in favor of arbitration." Moses H. Cone Memorial Hospital v. Mecury Construction, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). The duty of a district court in determining whether or not a particular matter is arbitrable under the agreement of the parties must begin with a determination of whether or not the parties have provided for matters of arbitrability in the agreement itself. First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 943, 115 S.Ct. 1920, 1923, 131 L.Ed.2d 985 (1995). That is to say, whether or not the arbitrator or the district court should determine the arbitrability of a particular matter is dictated, first, by whether or not the parties to a valid arbitration agreement have provided for such eventuality.

The interpretation of arbitration agreements is a matter of contract interpretation and, accordingly, this Court must apply Louisiana contract law in discerning the intent of the parties as to arbitration. Id at 943 quoting Mastrobuono v. Shearson Lehman Hutton, Inc.,

514 U.S. 52, 62-63, 115 S.Ct. 1212, 1218-1219, 131 L.Ed.2d 76 (1985). When a valid arbitration agreement exists, silence on the arbitrability of a particular issue is to be resolved in favor of arbitration. Mitsubishi Motors Corp. v. Soler Chrystler-Plymouth, Inc., 473 U.S. 614, 626, 105 S.Ct. 3346, 3353, 87 L.Ed.2d 444, quoting Moses H. Cone Memorial Hospital at 24-25, 103 S.Ct. at 941.

Louisiana law dictates that a contract has the effect of law as between the parties. LA. CIV. C. ART. 1983. Here, CorVel and LCMH expressly provide that the contract between them will be "governed and construed in all respects according to the applicable laws of the state in which the Hospital is located." *§ 12.5 of Agreement*. As above, we have already determined that the arbitration agreement between the parties is valid and enforceable. [Doc. # 36] The arbitration clause between CorVel and LCMH states that, failing resolution by informal means, the parties shall arbitrate "any disputes or problems that may arise under this Agreement." *§§ 9.1 -9.2 of Agreement*. What remains for this Court, then, is to determine whether or not the statutory claims against CorVel "arise under" the agreement in question.

The agreement at issue provides for the establishment of a relationship between the parties. CorVel recruited LCMH to be a part of its preferred provider network. In exchange for CorVel's promotion of LCMH as a preferred provider, LCMH agreed to accept a discounted rate of payment for medical services rendered to CorVel beneficiaries. LA. R.S. 40:2203.1 (Louisiana's Any Willing Provider Act, "Act") provides for recovery of damages from a group purchaser (here, CorVel) who engages in prohibited practices as outlined in the statute. Under this set of facts, this Court finds that the statutory claims at issue do "arise under" the agreement. The agreement necessarily concerns LCMH's business relationship with a preferred provider organization ("PPO") and the statute at hand plainly applies to

PPOs. Under these circumstances, we find that the agreement in question creates a relationship, without which, no statutory claims would exist.

We are convinced that Louisiana's law of contract interpretation supports this view. Plaintiff points out that the agreement was renewed each year without modification. Parties are presumed to contract with one another with a knowledge of applicable law and, therefore, contract into an acceptance of such law unless specifically rejected. Board of Commissioners of Orleans Levee District v. Department of Natural Resources, 496 So.2d 281, 294 (La. 1986); Paul E. Green v. The New Orleans Saints, 781 So.2d 1199, 1203 (La. 2000). We find that the parties to this suit are both relatively sophisticated and able to assess the prudence of contractual relationships. We also find that the decision of the parties to renew the contract as written without provision for changes in the law does not form a reasonable basis for the narrowing of this Court's prior Order.

## III. Conclusion

Finding that the failure of the parties to make provision for changing law in the agreement at issue results in the strict application of Sections 12.5 and 9.1-9.2 of the same, this Court will order that any claims by LCMH against CorVel under LA. R.S. 40:2203.1 shall be subject to arbitration in accordance with the express terms of the agreement and this Court's Order of November 6, 2006. Accordingly, plaintiff's present motion will be DENIED.

Alexandria, Louisiana
February 2 1 , 2007

JAMES T. TRIMBLE, JR.
U.S. DISTRICT COURT JUDGE